Terrance MACEDON, Plaintiff—
Appellant,

v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,
Defendants—Appellees.

D.C. Nos. 02–15436, CV–S–00–
01438–WBS JFM P.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2003.*

Decided May 29, 2003.

Before HAWKINS and FLETCHER, W., Circuit Judges, and BREYER, District Judge.**

MEMORANDUM ***

Appellant Terrance Macedon, a California prison inmate, challenges appellees' refusal to allow him family visits. He contends the California Code of Regulations, Title 15, § 3174, creates a liberty interest in family visits protected by the Due Pro-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

cess Clause of the United States Constitution. The district court granted summary judgment in favor of appellees. We affirm.

"States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Those circumstances, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of the its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484., 115 S.Ct. 2293

A refusal to permit an inmate family visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit with whom he wishes is an "ordinary incident of prison life." *See id.* at 485, 115 S.Ct. 2293 (holding that disciplinary segregated confinement is not a "dramatic departure" from the basic conditions of incarceration); *see also Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause.") (internal quotation marks and citation omitted); *Toussaint v. McCarthy,* 801 F.2d 1080, 1114 (9th Cir.1986) (noting that the denial of contact visits "is part of the penalty that criminals pay for their offenses against society"). Accordingly, appellant's complaint did not state a claim for violation of his constitutional rights.

AFFIRMED.